**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

KIRBY G. TATE                                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 5:05cv166DCBJMR

DOLAN WALLER, THELMA LINDSEY,
FRANCIS RANSOM, CHRIS EPPS, &
GLENN SPANN
                                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Chris Epps and Glenn Spann's Motion for Summary Judgment [**docket entry no. 22**].  Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS

At the time the relevant facts occurred, Kirby Tate was an inmate at the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi.  On February 10, 2005, Tate was issued a Rules Violation Report ("RVR")[1] for "refusing to work" by Francis Ransom.  (Compl. 4A.)  The RVR was issued because Tate failed to report to his assigned vocational technology class, which was taught by Ransom.  Tate claims that he and two other inmates missed

---

[1]An RVR is similar to a citation.  After the issuance an RVR, a hearing is held wherein a determination of guilt or innocence is made by the a WCCF disciplinary officer.  If found guilty, the inmate is subject to behavioral modification measures.

the class because their housing unit was locked down for a certified count. (Compl. 4.)   Although three inmates missed the class, the plaintiff alleges that only he and the other white inmate were given RVRs. (Compl. 4A.)   The other inmate, a black man, did not receive an RVR for missing the class.

Upon explaining his absence to Ransom, Tate avers that Ransom agreed to dismiss the RVR; nevertheless, at his RVR hearing WCCF Disciplinary Officer Thelma Lindsey found Tate guilty of refusing to work.   As punishment for not attending his class, Tate's visitation rights were denied, and he was reclassified from a "B-custody" inmate to a "C-custody" inmate.   Tate then filed a "Sensitive Issue" Administrative Remedy Program ("ARP") grievance with Mississippi Department of Corrections ("MDOC") Commissioner Chris Epps.   In his sensitive issue ARP, Tate alleged various claims of racial discrimination by the WCCF staff.   Epps forwarded the ARP to Glenn Spann, the MDOC ARP Administrator.   Spann then returned Tate's racial discrimination grievance to Officer Lindsey. After the sensitive issue ARP was returned to the WCCF, Tate contends that he was fired from his job and repeatedly singled out for urinalysis testing.

Having exhausted his administrative remedies, Tate filed this § 1983 action on September 6, 2005 alleging (1) racial discrimination by Francis Ransom for issuing RVRs only to white inmates, (2) malicious prosecution by Thelma Lindsey, (3)

negligence by WCCF Warden Dolan Waller for allowing the above to occur, and (4) negligence by Commissioner Epps and Administrator Spann for violating MDOC policy and exposing the sensitive issue ARP to WCCF personnel.  (Compl. 4C-D.)  On June 16, 2006, the complaint was amended to add Kirby Tate's wife, Christa Tate, as a plaintiff alleging loss of consortium.  Epps and Spann now move for summary judgment.  Specifically, Epps and Spann claim that the plaintiff's complaint fails to state a cognizable § 1983 claim. (M. Summ. J. 1.)  In the alternative, the defendants claim that they are entitled to qualified immunity. (Mem. Auth. M. Summ. J. 2.)

## DISCUSSION

### I.    Standard for Summary Judgment

A motion for summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party has the initial burden of identifying relevant portions of the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).[2]

---

[2]A contested fact is "material" when it has the potential to change the outcome of the case.  Ginsburg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (quoting Anderson v.

If the moving party sustains its burden, the burden shifts to the nonmoving party to show with "significant probative evidence" that a genuine issue as to a material fact actually exists. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994).   To overcome summary judgment, the nonmoving party must not merely rely on the pleadings or rest "upon conclusory allegations, improbable inferences, and unsupported speculation." Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir. 1993). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).   The non-movant must "designate specific facts showing the existence of a genuine issue for trial." Anderson, 477 U.S. at 250.  "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Id. at 252. Moreover, the nonmoving party must make a showing sufficient to establish the existence of an essential element of its case, an element on which it will bear the burden of proof at trial. Celotex, 477 U.S. at 322.

In light of the facts presented by the nonmoving party, along with any undisputed facts, this Court must decide whether the moving party is entitled to judgment as a matter of law.  When

---

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  An issue is "genuine" if "the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Id.

deciding a motion for summary judgment, the evidence submitted by the nonmoving party is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the party opposing summary judgment. Anderson, 477 U.S. at 255. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the nonmovant will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962). By contrast, summary judgment for the moving party is only proper when a rational jury, looking at the record as a whole, could not find for the nonmoving party. Matshushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II.  Defendants Epps and Spann are Entitled to Summary Judgment

Section 1983 of Title 42 of the United States Code provides a plaintiff with a cause of action against a state actor who deprived the plaintiff of a right secured by the Constitution or laws of the United States. At the outset, the Court notes that the plaintiff's only allegation against Epps and Spann is one of negligence.[3] The

---

[3]Tate's claim against Epps and Spann, in toto, states,

NEGLIGENCE AND SUBJECTION TO HARM – By Commissioner Chris Epps and ARP Administrator, rejecting racial discrimination as a sensitive issue and exposing directly

negligence of a state official does not rise to the level of a constitutional wrong.   See Daniels v. Williams, 474 U.S. 327 (1986).  As such, the plaintiff has failed to allege a cognizable § 1983 claim against Epps and Spann.

Moreover, assuming *arguendo* that the complaint alleges an equal protection claim against Epps and Spann, the plaintiff's claim still fails.  Public officials are entitled to qualified immunity for actions taken within the scope of their employment so long as their conduct does not violate clearly established constitutional rights.  Harlow v. Fitzgerald, 457 U.S. 800 (1982). There is a two-step inquiry to determine whether qualified immunity attaches.  Initially, the Court must determine whether the plaintiff has alleged a constitutional violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If so, the Court must ascertain whether the right allegedly violated was clearly established.  Id.

For an equal protection claim to survive a motion for summary judgment premised on qualified immunity, the plaintiff "must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race."   Felton v.

---

to staff members the nature of [the] grievance, opening avenues of retaliation and harassment.  Glenn Spann, contradicting policy and endangering me by sending directly a sensitive issue to T. Lindsey and subjection [sic] to punishments directly or indirectly caused by such action.

(Compl. 4D.)

Polles, 2000 WL 33968259, at *2-3 (S.D. Miss. Jan. 14, 2000), citing Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997), quoted in Webber v. U.S. Bureau of Prisons, 2006 WL 2589152, at *1 (5th Cir. Sept. 8, 2006).  As previously mentioned, the plaintiff's complaint did not allege an equal protection violation by the movants; rather, the plaintiff's allegation of an equal protection violation by Epps and Spann first appeared in his Response to Motion for Summary Judgment [docket entry no. 27]. Even if the Court was to construe the complaint as making an equal protection claim against Epps and Spann, Tate has failed to offer any evidence that the defendants intended to discriminate against him because of race or were otherwise motivated by any racial animus.  To survive a motion for summary judgment, the nonmovant must "designate specific facts showing the existence of a genuine issue for trial." Anderson, 477 U.S. at 250.   Accordingly,

IT IS HEREBY ORDERED that Defendants Epps and Spann's Motion for Summary Judgment [**docket entry no. 22**] is **GRANTED.**

SO ORDERED, this the 30th day of October, 2006.


S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE